IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah J. Clarius, : 
                        Petitioner : 
                                    : 
         v. : No. 897 C.D. 2023
                                    : Submitted: June 6, 2024
Rite Aid Corporation (Workers' : 
Compensation Appeal Board), : 
                       Respondent : 


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                   HONORABLE LORI A. DUMAS, Judge
                   HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                             FILED: July 19, 2024


        Deborah J. Clarius (Claimant) petitions for review (Petition for Review) of the July 18, 2023 opinion and order (Order) of the Workers' Compensation Appeal Board (Board), which affirmed the decision and order (Decision) of the Workers' Compensation Judge (WCJ) dismissing the Petition to Review Medical Treatment and/or Billing (Review Medical Petition) Claimant filed against Rite Aid Corporation (Employer). After review, we affirm.

**I. Factual and Procedural Background**

        Represented by counsel, Claimant entered into a Compromise and Release (C & R) under the Workers' Compensation Act (Act)[1] with Employer on February 6,

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

2020. Following a hearing, WCJ Leah Lewis (WCJ Lewis) issued an opinion approving the C & R on February 11, 2020.

In September 2022, Claimant filed a Review Medical Petition alleging medical bills for a 2018 left knee injury remained unpaid. Reproduced Record (R.R.) at 29. Central to her arguments, Claimant alleges two separate injuries with Employer: a 2018 left knee injury and a 2019 right knee injury. She argues the C & R applied to the 2019 right knee injury only. Further, Claimant alleges her counsel and the insurance companies involved were different for each injury.

The matter was assigned to WCJ Karl Peckmann (WCJ Peckmann). WCJ Peckmann held hearings and received evidence. At one hearing, counsel presented arguments to WCJ Peckmann about the C & R, specifically what injuries it addressed. WCJ Peckmann gave the parties an opportunity to submit written arguments on the issue. *See* Certified Record (C.R.) at 60.[2] In addition to the arguments, WCJ Peckmann reviewed the transcript of Claimant's testimony from the February 6, 2020 hearing before WCJ Lewis and WCJ Lewis's February 11, 2020 decision approving the C & R. Bd. Order, 7/18/23, at 2. Ultimately, WCJ Peckmann found the C & R "prevent[s] . . . [C]laimant from pursuing any additional claims against . . . Employer." WCJ Dec., 1/23/23, Conclusions of Law (C.L.) ¶ 2.

WCJ Peckmann dismissed Claimant's Review Medical Petition based on his finding the C & R prevented Claimant from pursuing any additional claims against Employer. The Board agreed with the WCJ's finding that the language of the C & R was clear, and it affirmed.

Claimant now appeals to this Court. In her Petition for Review, Claimant raises the issue of whether the C & R bars and settles her claim regarding her 2018

---

[2] The Certified Record is not paginated. We use the electronic page numbers for ease of reference.

left knee injury. Pet. for Rev., ¶ 9. Claimant asks this Court to reverse the Board's Order and grant her Review Medical Petition.

## II. Discussion

On appeal, this Court reviews orders for violations of a petitioner's constitutional rights, violations of agency practice and procedure, and other errors of law. 2 Pa.C.S. § 704. We also review whether substantial evidence supports the findings of fact necessary to sustain the decision. *Id.* Significantly, the WCJ is the factfinder in workers' compensation matters and is entitled to weigh the evidence and assess credibility of witnesses. *Montano v. Advance Stores Co., Inc. (Workers' Comp. Appeal Bd.)*, 278 A.3d 969, 978 n.4 (Pa. Cmwlth. 2022) (quoting *Sharkey v. Workers' Comp. Appeal Bd. (Fed. Express)*, 786 A.2d 1035, 1038 (Pa. Cmwlth. 2001)). We must view the evidence in the light most favorable to the party that prevailed before the WCJ, drawing all reasonable inferences in support of the WCJ's decision. *Id.*

Our review begins with Section 449 of the Act, 77 P.S. § 1000.5.[3] Section 449 of the Act governs C & R agreements in workers' compensation claims, and it provides a C & R is not valid and binding until approved by a WCJ. *Id.* A WCJ is not to approve a C & R without first determining whether a claimant understands its full legal significance. 77 P.S. § 1000.5(b).

This Court addressed C & R agreements in *Hymms v. Commonwealth (Workers' Compensation Appeal Board)*, 281 A.3d 375 (Pa. Cmwlth. 2022). *Hymms* provides "[i]t is well established that once approved, a valid C & R agreement is final, conclusive, and binding on the parties." *Id.* at 375 (citation omitted). "Courts may rescind a C & R agreement based on a clear showing of fraud, deception, duress,

---

[3] Added by, Act of June 24, 1996, P.L. 350, 77 P.S. § 1000.5.

or mutual mistake." *Id.* (citation omitted). Compared to fraud, deception, or duress, "the test to set aside a C & R agreement on the basis of mutual mistake is more stringent." *Id.* (quoting *Farner v. Workers' Comp. Appeal Bd. (Rockwell Int'l)*, 869 A.2d 1075, 1078 (Pa. Cmwlth. 2005)). Therefore, "in order for mutual mistake to constitute a basis for invalidating a C & R agreement, the party seeking to set aside the agreement must prove both parties [were] mistaken as to a present, material fact that existed at the time the [C & R] agreement was executed." *Id.* (quoting *Farner*, 869 A.2d at 1078-79). Moreover, for evidence to demonstrate a mutual mistake, that evidence must be clear, precise, and definitive. *Id.* Regarding unilateral mistake, if a party alleges such mistake supports relief, generally the mistake must be the other party's fault. *Id.* (citing *Farner*, 869 A.2d at 1078 n.5). However, "[i]f a party to a contract knows or has reason to know of a unilateral mistake by the other party and the mistake, as well as the actual intent of the parties, is clearly shown, relief will be granted to the same extent as if a mutual mistake existed." *Id.* (quoting *Welsh v. State Emps. Ret. Bd.*, 808 A.2d 261, 265 (Pa. Cmwlth. 2002)). The party seeking to set aside the C & R agreement has the burden of proof. *Id.* at 379-80 (citing *N. Penn Sanitation, Inc. v. Workers' Comp. Appeal Bd. (Dillard)*, 850 A.2d 795, 799 (Pa. Cmwlth. 2004)).

WCJ Peckmann found that at the time Claimant testified before WCJ Lewis, "she understood by settling her claim that she was closing out everything and nothing else [was] happening with . . . Employer." *Id.*; *see* C.R. at 77. At the hearing regarding the C & R, WCJ Lewis explained to Claimant that her "only role [was] to make sure [Claimant] underst[oo]d the legal significance of what [she was] entering into by signing [the C & R] agreement." C.R. at 81. WCJ Lewis then asked Claimant whether she understood, and Claimant responded: "Yes, I do." *Id.* Further, WCJ

4

Lewis questioned Claimant about her understanding of the legal significance of the C & R, and Claimant responded again that she understood. *See, e.g.*, C.R. at 77-78. WCJ Lewis issued an opinion approving the C & R.

In his decision, WCJ Peckmann pointed to paragraph four of the C & R which stated it "resolve[d] all claims" including those claims "which Claimant may have sustained while working for Employer." WCJ Dec., 1/23/23, Findings of Fact ¶ 8. WCJ Peckmann found "[t]he language of the [C & R], which was attached to [WCJ] Lewis'[s] February 11, 2020 Decision, is unambiguous. On three separate occasions it references an intent to resolve any and all work injury claims that Claimant had or might have with Employer." *Id.* ¶ 9; *see also* C.R. at 90-92. We conclude WCJ Peckmann had substantial evidence to support a finding the C & R was valid, binding, and prevented Claimant from bringing a claim petition against Employer.

While Claimant does not petition to set aside the C & R, the Board considered the Petition for Review a request to do so, and so do we. Once a C & R is approved, a party seeking to set it aside must show either fraud, deception, duress, or mutual mistake. *N. Penn Sanitation Inc.*, 850 A.2d 795. Here, Claimant makes no allegation of fraud, deception, or duress. Therefore, to set aside the C & R, Claimant must prove there was a mutual mistake. Alternatively, Claimant must prove Employer knew of Claimant's unilateral mistake and prove the intent of both parties at the time they executed the C & R.

Claimant asserts "obviously there was a mutual mistake of fact." Claimant's Brief at 10. She contends the failure to specifically mention the 2018 left knee injury during her hearing before WCJ Lewis indicated the C & R settled her 2019 right knee injury only. *Id.* at 8. She further contends the C & R itself mentions the 2019

5

right knee injury only. Claimant argues at the time she and Employer entered into the C & R, they entered into it for the 2019 claim only. *Id.* at 9.

In Claimant's Brief, she acknowledges there were never any payments made for her 2018 left knee injury claim. Claimant then states she submitted bills for her 2018 left knee injury "all along." Pet. for Rev., ¶ 13. The record contains no evidence of these bills, nor proof of payment or denial of payment. While Claimant alleges a 2018 left knee injury, the record contains no claim petition, notice or acknowledgement from Employer, medical records, nor any testimony regarding the 2018 left knee injury. Claimant additionally alleges her counsel and the insurance companies involved with each injury were different, leading to confusion. However, Claimant fails to offer any evidence regarding her previous counsel. Given the lack of evidence in the record to support her assertions, we are unable to determine the intent of Employer from the record before us. Ultimately, Claimant fails to offer any support for her argument based upon mutual mistake of fact at the time she and Employer executed the C & R. Likewise, Claimant fails to establish the intent of the parties at the time they entered into the C & R and fails to demonstrate Employer was aware of a mistake on the part of Claimant.

## III. Conclusion

Given our standard of review in this matter, we are constrained to review in the light most favorable to the party prevailing before the WCJ and interpret in favor of that prevailing party. For the foregoing reasons, we conclude the WCJ's findings are supported by substantial evidence, the WCJ committed no error of law or violation of Claimant's constitutional rights, and the Board properly affirmed the WCJ Decision.

Accordingly, we affirm the Board's Order.

_____

STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah J. Clarius,              :
             Petitioner   :
                           :
        v.                :  No.  897 C.D. 2023
                           :
Rite Aid Corporation (Workers'   :
Compensation Appeal Board),      :
             Respondent  :

# **O R D E R**

    **AND NOW**, this 19th day of July 2024, the July 18, 2023 order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
STACY WALLACE, Judge